UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| David D'aranjo, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>-against-<br><br>Fidelity Theatricals, Sebastian Garguilo a/k/a Sabastian Henson, and Don't Tell Mama, NYC,<br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | No: __ Civ. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff David D'aranjo, ("Plaintiff" or "D'aranjo"), on behalf of himself and all others similarly situated, by his attorney Law Office of Harvey S. Mars LLC, complaining of Defendants Fidelity Theatricals ("Fidelity"), Sebastian Garguilo a/k/a Sabastian Henson ("Henson"), and Don't Tell Mama NYC ("DTM") (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. While employed as a musician at DTM, D'aranjo was not timely paid nor paid the proper minimum wage rate for his hours of work on theatrical productions produced by DTM in conjunction with Fidelity and Henson. In addition, Defendants failed to provide D'aranjo with wage notices at the time of hiring and compliant wage statements at the end of each pay period.

2. D'aranjo brings this action on behalf of himself, and all other similarly situated Musicians (the "DTM Musicians ") to recover unpaid wages, minimum wage pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys'

fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred primarily in Manhattan, within this District.

## THE PARTIES

### Plaintiff David D'aranjo

5. D'aranjo resides at 19 Clinton Street, Apt. # 505, New York, NY 10002.

6. D'aranjo has worked for DTM and Fidelity as a musician in their production June 26, 2026 production of HAIR.

### Defendant DTM

7. Defendant DTM is located at 343 West 46th Street , New York, New York 10030.

8. DTM operates a theater that puts on cabaret shows and other types of musical and theatrical productions.

9. DTM is an "enterprise engaged in commerce" within the meaning of the

FLSA.

10. DTM has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person, including by ordering, selling, and buying fish and other seafood from vendors located in states other than New York.

11 DTM is owned and operated by Mike Kalbo, a well-known New York restauranter. DTM provided all the resources needed by Fidelity to mount their productions.

12 In each of the three years preceding the filing of this Complaint, DTM's annual gross volume of sales made, or business done exceeded $500,000.

**Defendants Sebastian Garguilo a/k/a Sebastian Henson and Fidelity**

13. Defendant Henson is the sole owner and operator of Fidelity.

14. Henson currently resides at 55 Linden Blvd, Brooklyn, New York 11226.

15. Henson, in conjunction with DTM theatrical production staff authorized the hiring and firing of musicians employed in DTM theatrical productions. Musicians were paid through revenue generated by sales of tickets by DTM.

16. DTM and Fidelity were joint employers of the musicians used in their productions.

FACTUAL ALLEGATIONS

17. Throughout his employment, D'aranjo worked as a bassist for DTM/Fidelity productions.

18. The last production he performed on was on the show "HAIR" on June 26, 2026

19. On June 26, 2026 D'aranjo worked for over six hours for a rehearsal, soundcheck and performance of this show. For this work, D'aranjo was promised fifty ($50.00) dollars which amounted to $7.14 per hour, substantially less than one half the New York State statutory minimum wage rate at the time of his performance ($16.00 per hour).

20. Defendants required Plaintiff work and/or be available for work during this six hour period of time but did not provide him with any records of his hours worked or of his pay with each payment of wages.

21. Upon information and belief, Defendants employed approximately forty five musicians for various productions they mounted between August 2025 through September 2026.

22. Defendants failed to furnish Plaintiff and other musicians in their employ with wage statements with each payment of their wages throughout their employment.

23. Defendants failed to furnish Plaintiff and other musicians with wage notices

at the time of their hiring or when their rates of pay changed.

24. The other musicians employed by Defendants have not been paid nor were promised payment at minimum wage rates.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all similarly situated musicians who worked at DTM from August 2024 through the date of the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of musicians who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage payments.

32. Throughout their employment, Plaintiff and the FLSA Collective have regularly worked for Defendants and worked for their productions for amounts considerable less than the statutory minimum wage. Most of these musicians have not been paid at all.

33. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

34. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated musicians can be readily identified and located through Defendants' records. The similarly situated musicians should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Restaurant Workers who work or have worked for El Puerto within the six years prior to the filing of this Complaint (the "Liability Period") (the "Rule 23 Class").

40. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

41. Although the precise number of such employees is unknown, upon information and belief the size of the Rule 23 Class exceeds forty individuals when accounting for employee turnover during the six-year Liability Period. Facts supporting the calculation of that number are presently within the sole control of Defendants.

42. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

43. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, as alleged herein;

b. whether Defendants failed to pay Restaurant Workers at the correct overtime rate for all time worked in excess of forty hours per week;

c. whether Defendants failed to pay Restaurant Workers spread-of-hours pay for each day on which they worked shifts spanning more than ten hours;

d. whether Defendants failed to provide Restaurant Workers with accurate wage statements as required by the NYLL and WTPA;

e. whether Defendants failed to provide Restaurant Workers with wage notices as required by the NYLL and WTPA; and

f. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

49. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants at various times within the Liability Period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

50. Plaintiff and the Rule 23 Class have all been injured in that they have been undercompensated due to Defendants' common policies, practices, and patterns of conduct.

51. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

52. Plaintiff has retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

53. There is no conflict between Plaintiff and the Rule 23 Class members.

54. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and

are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

55. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA - Unpaid Minimum Wages)**

56. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

57. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective minimum wage rate at the time of performance.

58. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

59. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

60. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

61. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SECOND CLAIM**
**(NYLL – Unpaid Minimum Wages )**

62. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

63. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff and the Rule 23 Class statutory minimum wages

64. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiff and the Rule 23 Class.

65. Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages equal to one and one-half times their regular hourly rates of pay per hour worked in excess of forty per workweek.

66. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum wages.

67. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23

Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(NYLL - Failure to Provide Accurate Wage Statements)**

68. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

69. The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

70. Defendants' failure to comply with NYLL § 195(3) goes beyond technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiff and the Rule 23 Class's minimum wages due.

71. As a result of Defendants' violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**FIFTH CLAIM**
**(NYLL - Failure to Provide Wage Notices)**

72. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

73. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

74. Defendants failed to furnish Plaintiff and the Rule 23 Class at the time of hiring, and whenever there was a change to their rates of pay, with wage notices

containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

75. Defendants' failure to comply with NYLL § 195(1) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiff and the Rule 23 Class their overtime wages due.

76. As a result of Defendants' violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, designate Plaintiff as class representative, and designate Plaintiff's counsel as Class Counsel;

b. certify this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to

all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendants have violated the minimum wage provisions of the FLSA and the NYLL;

d. declare that Defendants have violated the spread-of-hours provision of the NYLL and supporting regulations;

e. declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

f. declare that Defendants' violations of the FLSA and NYLL were willful;

g. award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

h. award Plaintiff and the Rule 23 Class unpaid spread-of-hours pay;

i. award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

j. award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

k. award Plaintiff and the Rule 23 Class pre- and post-judgment interest under the NYLL;

l. award Plaintiff, the FLSA Collective, and the Rule 23 Class

reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

m. award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
October 7, 2026

The Law Office of Harvey S. Mars LLC

By: ______________________

Harvey S. Mars, LLC
HSM(6107)
105 Chadwick Road
Teaneck, New Jersey 07666
hsmlaborlaw@harveymarsattorney.com
(201)401-8389

*Attorneys for Plaintiff, the Putative FLSA Collective, and Rule 23 Class*